UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN DOE, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| vs. § | CA. No.: __3:17-cv -2677_____ |
| § | |
| NAVARRO COLLEGE DISTRICT § | |
| d/b/a NAVARRO COLLEGE; § | |
| NAVARRO COLLEGE; and § | |
| ANDRE MCGEE, § | JURY DEMANDED |
| § | |
| *Defendants*. § | |

# PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE U.S. DISTRICT COURT:

Plaintiff John Doe complains of Defendants Navarro College District d/b/a Navarro College and Navarro College (hereinafter referred to as "Navarro Defendants"), and Andre McGee and would respectfully show the Court as follows:

## I.   PARTIES

1.1   Plaintiff **John Doe** is an individual and citizen of the State of Colorado. His identity will be made known to Defendants when they answer or otherwise appear in this case.

1.2   Defendant **Navarro College District d/b/a Navarro College** is a State of Texas institution of higher education located in Corsicana, Texas, and

service of process may be had upon said Defendant by serving its District President Dr. Richard M. Sanchez, at 3200 W. 7th Ave, Corsicana, Texas 75110 or wherever this Defendant and/or agent may be found.

1.3   Defendant **Navarro College** is a State of Texas institution of higher education located in Corsicana, Texas, and service of process may be had upon said Defendant by serving its District President Dr. Barbara R. Kavalier, at 3200 W. 7th Ave, Corsicana, Texas 75110 or wherever this Defendant and/or agent may be found.

1.4   Defendant **Andre McGee** is an individual and citizen of the State of Texas. Service of process may be had upon said Defendant by serving a citation on him at his place of residence 310 Utley Lane, Fairfield, Texas 75840 or wherever said he may be found.

## II.   VENUE & JURISDICTION

2.1   The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, and pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different United States, and the amount in controversy exceeds $75,000, excluding interest and costs.

2.2   Venue is proper in this Federal Court in Texas because the incidents in question occurred in the Northern District of Texas, making venue proper

under 28 U.S.C. § 1391(b)(2).

### III. FACTS

3.1. At all relevant times, the Navarro Defendants received federal funding for its academic programs and activities and was subject to the requirements of Title IX of the Education Amendments of 1972, 20 U.S.C. 1681(a) (hereinafter, "Title IX").

3.2   Plaintiff was a student-athlete cheerleader at Navarro College from the fall of 2015 to the spring of 2016. Upon his arrival at Navarro College, Plaintiff joined the cheer squad.

3.3   Plaintiff was recruited to the Navarro Defendants' cheer team by Navarro College Coach Monica Aldama, and Andre McGee.

3.4   Ms. Aldama and Mr. McGee held themselves out to be Navarro Defendants' coaches and recruiters. Both of them held Mr. McGee out to be a Navarro Defendants' College assistant coach and recruiter for the cheer team. Mr. McGee was actively involved in the Navarro Defendants' College cheer program: he regularly attended and participated in practices and other Navarro College cheer events.

3.5   In October of 2015, while Plaintiff was a student at Navarro College, Plaintiff was sexually assaulted by Andre McGee. McGee sexually assaulted Plaintiff during and after the Navarro Defendants' College cheer program events.

3.6   Prior to Mr. McGee's assault of Plaintiff, Mr. McGee had sexually

abused and sexually harassed several other students involved in the Navarro Defendants' College cheer program. This sexual abuse and harassment consisted of rape, and demanding and maintaining nude photographs of students involved in the Navarro Defendants' College cheer program.

3.7   Prior to Plaintiff's arrival at Navarro College, the Navarro Defendants' officials permitted a campus condition rife with sexual assault and completely lacking the basic standards of support for victims as required by federal and state law. This case arises from Navarro Defendants' deliberately indifferent response to events of sexual abuse, sexual harassment, and sexual assaults.

3.8   Navarro Defendants' failure to promptly and appropriately prevent, investigate, and respond to the sexual abuse and sexual harassment allowed a condition to be created that substantially increased Plaintiff's likelihood of being sexually assaulted, as well as others. Moreover, the Navarro Defendants' failure to promptly and appropriately investigate and respond to these assaults furthered sexual harassment and a hostile environment, effectively denying Plaintiff, and other students, access to educational opportunities.

3.9   Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX.

3.10   Plaintiff endured emotional, verbal, physical and sexual abuse by Mr. McGee under the veil of the Navarro Defendants, during Plaintiff's

participation in and as a part of the Cheer group at Defendant Navarro College.

3.11   The Navarro Defendants' sexually hostile policies and practices were a proximate cause of Plaintiff being subjected to sexual harassment in the form of rape, a hostile educational environment, and ongoing harassment by forcing him to interact and attend practices with his assailant, and share athletic training facilities with his assailant.

3.12   Plaintiff has suffered emotional distress and psychological damage, and his character and standing in the community has suffered from the harassment fostered as a direct and proximate result of the Navarro Defendants' deliberate indifference to his rights under Title IX. Plaintiff has suffered: depression, nightmares, and suicidal ideation.

## IV.   CAUSE OF ACTION AGAINST NAVARRO DEFENDANTS

a. **GENDER DISCRIMINATION UNDER TITLE IX: DELIBERATE INDIFFERENCE TO PLAINTIFF'S SEXUAL ABUSE (VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681(A))**

4.1   Plaintiff incorporates by reference all preceding facts and allegations set forth herein.

4.2   The sex-based harassment articulated in this complaint was so severe, pervasive and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school.

4.3   The Navarro Defendants created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education

Amendments of 1972, 20 U.S.C. § 1681(a) (Title IX) because:

    a)    Plaintiff was a member of a protected class;

    b)    Plaintiff was subjected to sexual harassment in the form of sexual assault by the Navarro Defendants' assistant coach/recruiter/booster;

    c)    Plaintiff was subjected to harassment based on his sex; and

    d)    Plaintiff was subjected to a hostile educational environment created by the Navarro Defendants' lack of policies and procedures and failure to properly investigate and/or address the sexual assault and subsequent harassment.

4.4    The Navarro Defendants and their officials had actual knowledge of Mr. McGee's prior sexual abuse and sexual harassment of students involved in the Navarro College cheer program, and the resulting harassment of Plaintiff created by its failure to investigate in a timely manner and consistent with federal and state law.

4.5    The Navarro Defendants' deliberate indifference to Plaintiff's sexual assault exposed him to continued sexual harassment which was so severe, pervasive, and objectively offensive, that it effectively barred him access to meaningful educational opportunities and benefits including academics, athletic programs, and on-campus events and activities.

4.6    The Navarro Defendants' failure to promptly and appropriately respond to the sexual harassment resulted in Plaintiff, on the basis of his sex, being excluded from participation in, being denied the benefits of, and being

subjected to discrimination in the Navarro Defendants' education program in violation of Title IX.

4.7   The Navarro Defendants failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment, and instead acted with deliberate indifference towards Plaintiff.

4.8   The Navarro Defendants persisted in its actions even after it had actual knowledge of the harm suffered by Plaintiff.

4.9   This policy and/or practice constituted disparate treatment of students, such as Plaintiff, and had a disparate impact on them as students, such as Plaintiff.

4.10   Plaintiff has suffered emotional distress and psychological damage, and his character and standing in the community has suffered from the harassment fostered as a direct and proximate result of Navarro Defendants' deliberate indifference to his rights under Title IX.

### b. DISCRIMINATION UNDER TITLE IX: SEXUALLY HOSTILE CULTURE (VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681(A))

4.11   Plaintiff incorporates by reference all preceding facts and allegations set forth herein.

4.12   The Navarro Defendants actively created and was deliberately indifferent to a culture of sexual hostility and violence within its cheerleading program by instituting several policies and permitting practices that included, but

are not limited to:

    a)      Failing to properly train its staff, coaches, and recruiters;

    b)      Failing to properly supervise its staff, coaches, and recruiters;

    c)      Failure to properly supervise students' activities in the cheerleading program;

    d)      Failure to educate students, coaches, staff, and recruiters;

    e)      Policy of not reporting allegations of sexual violence, hazing violence, and other sexual abuse and harassment occurring within the Navarro College cheer program; and

    f)      Policy of accepting coaches, staff, and recruiters with previous history of sexual abuse and sexual harassment.

4.13   The Navarro Defendants' sexually hostile policies and practices were a proximate cause of Plaintiff being subjected to sexual harassment in the form of rape, a hostile educational environment, and ongoing harassment by forcing him to interact and attend practices with his assailant, and share athletic training facilities with his assailant.

4.14   The sexual harassment that Plaintiff suffered was so severe, pervasive and objectively offensive that it effectively barred him access to educational opportunities and benefits.

4.15   As a direct and proximate result of the Navarro Defendants' creation of and deliberate indifference to its sexually hostile educational environment, Plaintiff suffered damages and injuries for which the Navarro Defendants are liable.

## V.   CAUSE OF ACTION AGAINST DEFENDANT ANDRE MCGEE

### a. ASSAULT: INFLICTION OF BODILY INJURY

5.1    Defendant McGee acted intentionally, knowingly, and/or recklessly in making direct physical contact with John Doe's person. This included multiple sexual assaults. Defendant McGee's contact caused bodily injury to John Doe.

### b. ASSAULT: OFFENSIVE PHYSICAL CONTACT

5.2    Defendant McGee acted intentionally and/or knowingly in making direct physical contact with John Doe's person.

5.3    Defendant McGeee knew or reasonably should have known that John Doe would regard the contact as offensive or provocative.

5.4    Defendant McGee's offensive physical contact caused injury to John Doe.

## VI.   DAMAGES

6.1    As a result of the incident described, Plaintiff has incurred medical expenses in the past and in all reasonable probability such medical expenses will continue in the future.

6.2    Plaintiff has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

6.3    Plaintiff has experienced physical pain and suffering in the past and in all reasonable probability such physical pain and suffering will continue in the

future.

6.4     Plaintiff has suffered lost earnings and/or loss of earning capacity in the past and in all reasonable probability such loss of earnings and/or lost earning capacity will continue in the future.

6.5     Plaintiff has incurred other post-incident expenses in the past and in all reasonable probability such other post-incident expenses will continue in the future.

## VII.    ATTORNEY'S FEES

7.1     As a result of this action, Plaintiff has retained the Turley Law Firm to represent him in his claims against Defendants. Accordingly, Plaintiff seeks attorneys' fees incurred pursuant to Title IX.

7.2     Throughout this entire period of time, the Navarro Defendants were clearly on notice of Defendant McGee's sexual harassment and sexual abuse of students involved in the Navarro College cheer program, including the report that one of their male students, Plaintiff, was raped by a cheer coach/recruiter.

7.3     As a result, the Navarro Defendants had control over the offender as well as the context of the ongoing harassment and had the ability to address its effects and prevent its recurrence.

## VIII.   EXEMPLARY DAMAGES

8.1     Plaintiff's injury resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages.

## IX.   PRESERVATION

9.1   Defendants are hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## X.   CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

10.1   Plaintiff claims interest in accordance with applicable law.

## XI.   JURY DEMAND

11.1   Plaintiff respectfully requests a trial by jury and tenders the appropriate fee with this filing.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff recover all his damages as specified above from Defendants, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

TURLEY LAW FIRM

*/s/ Lacey Turley Most*
Lacey Turley Most
State Bar No. 24093225

Linda Turley
State Bar No. 20303800
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802
laceym@wturley.com
davette@wturley.com

ATTORNEYS FOR PLAINTIFF